UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


NOEL DAVILA                     :
                                :               PRISONER
        v.                      :      Case No. 3:09cv1666 (DJS)
                                :
PETER MURPHY, ET AL.            :


**RULING ON MOTION TO AMEND**

The petitioner, Noel Davila ("Davila"), currently confined at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254.  He challenges his state court convictions for possession of narcotics, risk of injury to a child, reckless endangerment in the first degree, criminal possession of a firearm and carrying a pistol without a permit as well as the state court finding of violation of probation. In his original petition, Davila challenged his convictions on three grounds: (1) double jeopardy, collateral estoppel and self defense, (2) trial court errors resulting in a denial of his right to fair trial, and (3) ineffective assistance of trial and appellate counsel relating to "drug dependence and excessive imposed sentence." (Doc. # 1, at 10.)  The respondents responded to Davila's petition by filing a motion to dismiss or stay the petition ("respondents' motion") on the ground that the

petitioner had filed a "mixed" petition, i.e., a petition
containing both claims as to which the petitioner had exhausted
available state remedies and claims as to which available state
remedies had not been exhausted. (Doc. # 11.)

Subsequent to the filing of the respondents' motion, the
Court issued an Order (doc. # 14) in which it concluded that
Davila's petition was a mixed petition, since Davila had failed
to exhaust available state remedies as to the self-defense claim,
the claim that trial court errors resulted in a denial of
Davila's right to a fair trial, and the claim of ineffective
assistance of trial and appellate counsel relating to drug
dependence and excessive imposed sentence. The Court found that
Davila had not exhausted his state court remedies as to the "self
defense" claim asserted in the first ground, since no such claim
had been included in the grounds raised by him on direct appeal
or in his state habeas petition. (*Id.* at 3.) The Court
also found that Davila had not exhausted his state court remedies
as to the second and third grounds in his original petition
"[f]or the reasons stated in the respondents' Memorandum in
Support of Motion to Stay or Dismiss." (*Id.*) The Court further
concluded that the 1-year statute of limitations on the filing of
federal habeas petitions imposed by the Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA")had expired as to
Davila's state court convictions. (*Id.* at 5.)

2

Since mixed habeas petitions must generally be dismissed, and since the expiration of the 1-year statute of limitations would bar Davila from refiling a federal habeas petition, the Court provided Davila with an opportunity to file a supplemental response to the respondents' motion specifically addressing the three factors identified by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 278 (2005) that must be considered by a district court in connection with a motion to stay a mixed habeas petition, i.e., "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Davila subsequently filed a "Supplemental Response Consolidated First Amended Petition for Writ of Federal Habeas Corpus." (Doc. # 16.) That document does contain some references to the factors identified in *Rhines*, e.g., "my claims (unexhausted) are 'potential[ly] meritorious,' there is no indication that the petitioner engage[d] in intentionally dilatory litigation tactics and is not being sought merely for purposes of delay." (*Id.* at 16.) In the main, however, Davila's filing is more in the nature of an amended habeas petition. Keeping in mind that "[t]rial courts have been directed to read *pro se* papers liberally," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), the Court finds it appropriate to construe Davila's

filing as a motion to amend his habeas petition and will hereafter refer to that filing as the petitioner's motion to amend.

For the reasons that follow, the petitioner's motion to amend his habeas petition (doc. # 16) is granted in part and denied in part.

## I.   Standard of Review

"A habeas corpus petition may be amended or supplemented as provided in the rules of procedure applicable to civil actions. Accordingly, the principles that apply to amendment of a complaint under Rule 15(a) of the Federal Rules of Civil Procedure apply with equal force to amendment of a habeas petition. . . . [and] [t]he court should freely give leave [to amend] when justice so requires." *Jenkins v. Graham*, 06 Civ. 10200 (CM) (JCF), 2009 U.S. Dist. LEXIS 39622, at *3 (S.D.N.Y. April 23, 2009) (internal quotation marks and citations omitted). While "[l]eave to amend a complaint shall be freely given when justice so requires[,] . . . futility of amendment will serve to prevent an amendment prior to trial." *Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (internal quotation marks and citation omitted).

A proposed amendment to a habeas petition that is filed beyond the 1-year statute of limitations imposed by the AEDPA is time-barred, and thus futile, unless it relates back to the

4

original petition. *See Jenkins*, 2009 U.S. Dist. LEXIS 39622, at
*7. "An amendment to a pleading relates back to the date of the
original pleading when . . . the amendment asserts a claim . . .
that arose out of the conduct, transaction, or occurrence set out
- - or attempted to be set out - - in the original pleading."
Fed. R. Civ. P. 15(c). In order to relate back to the original
petition, an otherwise untimely habeas claim "must have arisen
from the same set of facts as the timely filed claim, not from
separate conduct or a separate occurrence in both time and type."
*Reiter v. United States*, 371 F. Supp. 2d 417, 423 (S.D.N.Y. 2005)
(internal quotation marks omitted). "This is so that the
Government has sufficient notice of the facts and claims giving
rise to the proposed amendment." *Id.* (internal quotation marks
omitted).

## II.  Background

As has been noted, Davila's original petition challenged his
state convictions on three grounds: (1) double jeopardy,
collateral estoppel and self defense, (2) trial court errors
resulting in a denial of his right to fair trial, and (3)
ineffective assistance of trial and appellate counsel relating to
"drug dependence and excessive imposed sentence." (Doc. # 1, at
6-10.) This Court previously concluded that only the double
jeopardy and collateral estoppel claims had been exhausted. (Doc.
# 14, at 3.)

In his motion to amend, Davila seeks to raise the following claims: (1) double jeopardy (First Count), (2) collateral estoppel (Second Count), (3) ineffective assistance of trial counsel based on counsel's failure to fully and adequately brief and argue the double jeopardy issue (Third Count), (4) ineffective assistance of appellate counsel based on counsel's failure to fully and adequately brief and argue the double jeopardy issue (Fourth Count), and (5) due process of law - fair trial. (Doc. # 16, at 9-13.

## III. Discussion

Since the double jeopardy and collateral estoppel claims were included in the original petition, the Court will limit its discussion to the remaining three counts of the proposed amended petition.

### A. Fifth Count (Due Process of Law - Fair Trial)

With regard to the due process of law - fair trial claim, the petitioner further elaborates by stating that his proposed Fifth Count is based on the alleged failure of the state trial court "to exclude from the second trial evidence which tended to make more or less likely to be true facts which had already been litigated favorably to me in the first trial as to all charges remaining in the second trial."  (Doc. # 16, at 13.) To the extent this claim is the same as the claim of "errors committed by the trial court" in the original petition, the Court has

already concluded that this is an unexhausted claim and, as a result, amendment would be futile unless Davila could show good cause for his failure to exhaust pursuant to *Rhines*.

In his motion to amend, Davila appears to argue that he in fact did exhaust his available state remedies as to this and the other claims in his proposed amended petition.[1] (Doc. # 16, at 15.) As was expressed in the previous Order entered in this case (doc. # 14), the Court does not agree with this contention and does not find any basis upon which to conclude that good cause for this failure to exhaust has been shown.

To the extent that Davila seeks to raise a new claim in his amended petition relating to "due process of law - fair trial," it is apparent that such an amendment would likewise be futile. Since "the Government [would not have had] sufficient notice of the facts and claims giving rise to the proposed amendment," *Reiter*, 371 F. Supp. 2d at 423 (internal quotation marks

---

[1]Davila also contends that he "does not have the legal expertise, resources and does not understand and is not familiar with Rhines . . . ." (Doc. # 16, at 15.)  "[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to raise a claim in the proper state court tribunal." *Stephanski v. Superintendent*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006). Additionally, in its prior Order this Court had expressly identified for the petitioner the specific requirements of *Rhines*, i.e., "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." (Doc. # 14, at 5 (internal quotation marks omitted).)

omitted), such amendment would be barred by the 1-year statute of limitations imposed by the AEDPA. For these reasons, the petitioner's motion to amend is denied as to the Fifth Count (Due Process of Law - Fair Trial).

### B. Third Count (Ineffective Assistance of Trial Counsel) and Fourth Count (Ineffective Assistance of Appellate Counsel)

The Third Count of the petitioner's proposed amended petition asserts his trial counsel's "fail[ure] to brief and argue before the trial court fully and adequately the preclusion by my right against double jeopardy . . . ." (Doc. # 16, at 11.) The Fourth Count of the proposed amended petition similarly asserts his appellate counsel's "fail[ure] to brief and argue before the Appellate Court fully and adequately the preclusion by my right against double jeopardy . . . ." (*Id.* at 12.) The third claim in Davila's original petition was one of "ineffective assistance of trial counsel and appellate counsel. Drug dependence and excessive imposed sentence." (Doc. # 1, at 10.)

In responding to Davila's original petition by way of a motion to dismiss or stay petition for writ of habeas corpus, the respondents addressed the third claim by stating that "[t]he respondent acknowledges that the petitioner has exhausted a claim of ineffective assistance of counsel . . . . This claim of ineffective assistance of both trial and appellate counsel, however, was a very limited claim which asserted that petitioner's attorneys denied him the effective assistance of

counsel when they failed to move to have the charges in the petitioner's second criminal trial dismissed on double jeopardy grounds and failed to present this claim in his direct appeal, respectively. . . . Therefore, this is the only claim of ineffective assistance of counsel which the petitioner has exhausted in state court, and thus, is the only claim of ineffective assistance of counsel upon which petitioner can pursue relief in this federal action." (Doc. 11-1, at 19-20.)

The granting or denial of a motion to amend a pleading is within the sound discretion of the trial court. *See John Hancock Mutual Life Ins. Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). In deciding whether or not to exercise this discretion with regard to the *pro se* petitioner's proposed Third Count, the Court is mindful that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). The Court is further guided by the consideration that in order for an amendment to a habeas petition to relate back to the original petition, "the Government [must have had] sufficient notice of the facts and claims giving rise to the proposed amendment." *Reiter*, 371 F. Supp. 2d at 423.

There can be no doubt in this instance that the government

had sufficient notice of the facts and claims giving rise to Davila's proposed Third Count. The respondents expressly acknowledge that the petitioner has exhausted the very claim he states in his proposed Third Count and further state that this "is the only claim of ineffective assistance of counsel upon which petitioner can pursue relief in this federal action." (Doc. 11-1, at 20.)   The acknowledgments and representations made by the respondents all but invited the petitioner to amend his petition in the manner he did with respect to his ineffective assistance of counsel claims. The Court also notes that the respondents did not respond to the petitioner's supplemental filing, which the Court has construed as a motion to amend, despite having been given the opportunity to do so. Under these particular circumstances, the Court finds it appropriate to permit the *pro se* petitioner to amend his habeas petition by adding the Third and Fourth Counts of the proposed amended petition. Consequently, the petitioner's motion to amend is granted as to the Third Count and the Fourth Count of the amended petition.

## IV. Conclusion

For the foregoing reasons, the petitioner's motion to amend his habeas petition **(doc. # 16)** is **GRANTED in part** and **DENIED in part**. The petitioner Davila shall file an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person

in State Custody utilizing the form designated for such purpose. The claims asserted in the amended petition shall be limited to the following:

1.    Double Jeopardy (First Count in the motion to amend).

2.    Collateral Estoppel (Second Count in the motion to amend).

3.    Ineffective Assistance of Trial Counsel Based on Counsel's Failure to Fully and Adequately Brief and Argue the Double Jeopardy Issue (Third Count in the motion to amend).

4.    Ineffective Assistance of Appellate Counsel Based on Counsel's Failure to Fully and Adequately Brief and Argue the Double Jeopardy Issue (Fourth Count in the motion to amend).

The petitioner's amended habeas petition shall be filed with the Court on or before October 26, 2012. In order to avoid the possibility of his habeas petition being dismissed as a "mixed" petition, the petitioner is strongly advised not to include in his amended petition any claim(s) the Court has found to be unexhausted.

**SO ORDERED** this 18th day of September 2012, at Hartford, Connecticut.

                    /s/ DJS

                    Dominic J. Squatrito
                    United States District Judge

11